## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **OROSTREAM LLC,** | |
| Plaintiff, | C.A. NO. _____ |
| v. | **PATENT CASE** |
| **RIVERBED TECHNOLOGY, INC.,** | |
| Defendant. | **JURY TRIAL DEMANDED** |

### ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Orostream LLC files this Original Complaint for Patent Infringement against Riverbed Technology, Inc., and would respectfully show the Court as follows:

### I.  THE PARTIES

1.      Plaintiff Orostream LLC ("Orostream" or "Plaintiff") is a Texas limited liability company with its principal place of business at 3401 Custer Road, Suite 125-B, Plano, Texas 75023.

2.      On information and belief, defendant Riverbed Technology, Inc. ("Defendant"), is a corporation organized and existing under the laws of the State of Delaware, with its place of business at 680 Folsom Street, San Francisco, CA 94107.  Defendant has a registered agent in Delaware at Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

### II.  JURISDICTION AND VENUE

3.      This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction of such action under 28 U.S.C. §§ 1331 and 1338(a).

4.      On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction, pursuant to due process and the Delaware Long-Arm Statute, due

at least to its business in this forum, including at least a portion of the infringements alleged herein. Furthermore, Defendant is subject to this Court's specific and general personal jurisdiction because Defendant is a Delaware corporation.

5. Without limitation, on information and belief, within this state, Defendant has used the patented inventions thereby committing, and continuing to commit, acts of patent infringement alleged herein. In addition, on information and belief, Defendant has derived revenues from its infringing acts occurring within Delaware. Further, on information and belief, Defendant is subject to the Court's general jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and deriving substantial revenue from goods and services provided to persons or entities in Delaware. Further, on information and belief, Defendant is subject to the Court's personal jurisdiction at least due to its sale of products and/or services within Delaware. Defendant has committed such purposeful acts and/or transactions in Delaware such that it reasonably should know and expect that it could be haled into this Court as a consequence of such activity.

6. Venue is proper in this district under 28 U.S.C. § 1400(b). On information and belief, Defendant is incorporated in Delaware. For purposes of the patent venue analysis, Defendant therefore resides only in this District. On information and belief, from and within this District Defendant has committed at least a portion of the infringements at issue in this case.

7. For these reasons, personal jurisdiction exists and venue is proper in this Court under 28 U.S.C. § 1400(b).

### III.  COUNT I
### (PATENT INFRINGEMENT OF UNITED STATES PATENT NO. 5,768,508)

8. Plaintiff incorporates the above paragraphs herein by reference.

9.      On June 16, 1998, United States Patent No. 5,768,508 ("the '508 Patent") was duly and legally issued by the United States Patent and Trademark Office.  The '508 Patent is titled "Computer Network System and Method for Efficient Information Transfer." A true and correct copy of the '508 Patent is attached hereto as Exhibit A and incorporated herein by reference.

10.     Orostream is the assignee of all right, title and interest in the '508 patent, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '508 Patent.  Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the '508 Patent by Defendant.

11.     The '508 patent has been cited as prior art during the prosecution history of over 100 subsequently-issued United States patents, including patents assigned to IBM, Intel, Facebook, Gateway, Hitachi, Microsoft, Nokia, Oracle, and Veritas Software.

12.     **Direct Infringement.**  Upon information and belief, Defendant has been directly infringing at least claim 26 of the '508 patent in the State of Delaware and elsewhere in the United States, by using Wi-Fi routers that prioritize Internet traffic, including Xirrus Wireless Array XR-6000, including but not limited to XR-6820, XR-6830, XR-7620, and XR-7630 ("Accused Instrumentality"), to perform a method of connecting an information provider and a user node of a computer network, performed by a master program.  The Accused Instrumentality performs registering the user node (*e.g.*, an Internet enabled user device such as a laptop, mobile phone) at a master node (*e.g.*, the Accused Instrumentality).  The user node (*e.g.*, an Internet enabled user device such as a laptop, mobile phone) registers with the Accused Instrumentality

by connecting (wired or wirelessly) with the accused instrumentalities (with or without using a password).

13.     The Accused Instrumentality performs receiving, through the master node (*e.g.*, the Accused Instrumentality), a node ID (*e.g.*, MAC address) from the user node (*e.g.*, an Internet enabled user device such as a laptop, mobile phone).     (*See*, *e.g.*, https://www.optrics.com/downloads/xirrus/XR6000_ds.pdf;                  https://fccid.io/SK6-XI-AC867/User-Manual/Part-1-2424752.pdf;    https://fccid.io/SK6-XI-AC867/User-Manual/Part-2-2285630.pdf). A MAC (Media Access Control) address is a unique alpha-numeric identifier used to distinguish a device from others on a network. (*See*, *e.g.*, *id.*; https://technet.microsoft.com/en-us/library/cc757419(v=ws.10).aspx).

14.     The Accused Instrumentality accesses a master database for profile information corresponding to the node ID.  For example, the Accused Instrumentality accesses an internal table or a database for data to be appropriately transmitted to a particular user device that made the request for the data.  The internal table or database is accessed for profile information, for example, a DHCP lease table is maintained in the Accused Instrumentality which stores profile information available to the Accused Instrumentality such as a MAC address, IP address, or device name corresponding to a user device. The Accused Instrumentality forms the internal table/database with the available profile information corresponding to the node ID, such as the MAC address. (*See*, *e.g.*, https://fccid.io/SK6-XI-AC867/User-Manual/Part-1-2424752.pdf).

15.     The Accused Instrumentality transmits to the user node (*e.g.*, an Internet enabled user device such as a laptop, mobile phone), through the master node (*e.g.*, the Accused Instrumentality), a target information reference (*e.g.*, address information for accessing a web page of a file categorized in low priority group that a user requested) corresponding to the

4

accessed profile information (*e.g.*, requested content is tied to the IP address of the particular user device that requested it).   The target information reference (*e.g.*, address information identifying a server or computer that a user will need to obtain information from in order to access a web page or an FTP file) is a pointer to target information to be delivered to the user node (*e.g.*, a user-set low priority data packet to an Internet enabled user device such as a laptop, mobile phone, etc.) while transferring non-target information without additional communication delay (*e.g.*, higher priority applications such as video conferencing (audio/video) and IP phone access, which the accused instrumentality gives a higher priority class) will be prioritized (*e.g.,* higher priority are "real-time" whereas lower priority are "non-real time").

16.     For example, the Accused Instrumentality will receive address information pointing to the server or computers delivering content (*e.g.*, data packets sent from other servers or computers will contain the IP address of the server/computer in the data packet's header). These data packets are forwarded to the appropriate device (which requested access to the Internet information) based upon a destination IP address belonging to a particular device (corresponding to the accessed profile information for the particular device that requested access to the Internet information, or the device seeking to receive data from a particular Internet address) that is also within the header. The Accused Instrumentality will reference its routing table in order to forward data packets to an addressed device accordingly.

17.     Furthermore, the Accused Instrumentality has QOS settings that allow prioritization of certain Internet traffic while allowing other traffic to continue.   For example, a file download (*e.g.*, target information such as basic internet access, FTP access, or Database access that are in lower priority and therefore "non-real time") will be delivered to the user device while transferring non-target information without additional communication delay (*e.g.*,

higher priority applications such as video conferencing (audio/video) and IP Phone access data (in higher priority), which is prioritized and transferred without delay).   The Accused Instrumentality can classify particular wireless data packets as network traffic that is non-real time sensitive (*e.g.*, target information) and place a lower priority on the transfer of target information (*e.g.*, background activity such as downloads) so as not to delay the continued transfer of non-target information (*e.g.*, foreground activity such as a video conferencing (audio/video) and IP Phone access).



Figure 142. Four Traffic Classes

The Wireless Array's Quality of Service Priority feature (QoS) allows traffic to be prioritized according to your requirements. For example, you typically assign the highest priority to voice traffic, since this type of traffic requires delay to be under 10 ms. The Array has four separate queues for handling wireless traffic at different priorities, and thus it supports four traffic classes (QoS levels).

(*See*, *e.g.*, https://fccid.io/SK6-XI-AC867/User-Manual/Part-2-2285630.pdf).

6

| FROM<br>Priority Tag<br>802.1p (Wired) | TO<br>Array QoS<br>(Wireless) | Typical Use |
|---|---|---|
| 0 | 0 (Lowest priority) | Best Effort |
| 1 | 1 | Background—explicitly designated as low-priority and non-delay sensitive |
| 2 | 1 | Spare |
| 3 | 0 | Excellent Effort |
| 4 | 2 | Controlled Load |
| 5 | 2 | Video |
| 6 | 3 | Voice - requires delay <10ms |
| 7 (Highest priority) | 3 (Highest priority) | Network control |

\*                    \*                    \*

In particular, by default:

- DSCP 8 is set to QoS level 1.
- DSCP 40 is typically used for video traffic and is set to QoS level 2.
- DSCP 48 is typically used for voice traffic and is set to QoS level 3—the highest level
- All other DSCP values are set to QoS level 0 (the lowest level—Best Effort).

Packet Filtering QoS classification

- Filter rules can be used to redefine the QoS priority level to override defaults. See "Filter Management" on page 368. This allows the QoS priority level to be assigned based on protocol, source, or destination.

Voice Support

- The QoS priority implementation on the Array gives voice packets the highest priority to support voice applications.

(*e.g.*, https://fccid.io/SK6-XI-AC867/User-Manual/Part-2-2285630.pdf).

18.   Plaintiff has been damaged because of Defendant's infringing conduct. Defendant is thus liable to Plaintiff for damages in an amount that adequately compensates

Plaintiff for such Defendant's infringement of the '508 patent, *i.e.*, in an amount that by law cannot be less than would constitute a reasonable royalty for the use of the patented technology, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

19.     On information and belief, Defendant has had at least constructive notice of the '508 patent by operation of law, and there are no marking requirements that have not been complied with.

## IV.  <u>JURY DEMAND</u>

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## V.  <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff respectfully requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

a.     Judgment that one or more claims of United States Patent No. 5,768,508 have been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

b.     Judgment that Defendant account for and pay to Plaintiff all damages to and costs incurred by Plaintiff because of Defendant's infringing activities and other conduct complained of herein;

c.     That Plaintiff be granted pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein; and

d.     That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

October 25, 2018

OF COUNSEL:

David R. Bennett
Direction IP Law
P.O. Box 14184
Chicago, IL 60614-0184
(312) 291-1667
dbennett@directionip.com

DEVLIN LAW FIRM LLC

 /s/ Timothy Devlin
Timothy Devlin
Delaware Bar No. 4241
1306 N. Broom Street, 1st Floor
Wilmington, DE 19806
Phone: (302) 449-9010
tdevlin@devlinlawfirm.com

*Attorneys for Plaintiff Orostream LLC*